UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS C. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3387 |
| | § | |
| KENNETH TISDALE, *et al*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Carlos C. Hernandez, a Texas Department of Criminal Justice (TDCJ) inmate, filed *pro se* a civil rights complaint under 42 U.S.C. § 1983 challenging the computation of his sentences and his designation as a sex offender. (Docket No. 1.) Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Docket No. 5.) Before the Court is Defendant Barrs's Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's Motion for Leave to Amend (Docket No. 14). After reviewing the pleadings, the pending motions and the applicable law, the Court will deny Plaintiff's motion to amend, grant Defendant Barrs's motion to dismiss, and dismiss this case for the reasons explained below.

## BACKGROUND

Plaintiff was convicted of attempted sexual assault and three other felonies on December 18, 1990, after entering a plea of guilty. Plaintiff was released from prison on parole December 14, 2009, and was required by the Texas Board of Pardons and Paroles ("TBPP"), and his parole officer Defendant DJ Bryan Sills, to register as a sex offender and attend counseling sessions in

accordance with Texas law.[1]  *See* Tex. Code Crim. Proc. Art. 62.  Defendant Brady Barrs is a Licensed Sex Offender Treatment Therapist under contract with TBPP to conduct group therapy sessions for sex offenders who are on parole.  Plaintiff's Complaint (Docket No. 1) and More Definite Statement (Docket No. 8) allege that Defendants violated Plaintiff's rights under the 4th, 5th, and 8th Amendments by erroneously requiring him to register as a sex offender and attend sex offender counseling sessions, for which he was charged an attendance fee.  (Docket No. 1 at 3.)  Plaintiff alleges that Defendants knew Plaintiff was not required to register as a sex offender, because his sexual assault conviction occurred before the registration statute went into effect, but still required Plaintiff to register anyway.  (Docket No. 8 at 2.)  Plaintiff further alleges that he was humiliated and mentally traumatized by being required to register as a sex offender and attend the sex offender treatment sessions, the content of which Plaintiff allegedly found disturbing.  (Id. at 3-4.)  Plaintiff seeks compensatory damages for supervision and treatment fees and other expenses incurred as a result of his sex offender designation, punitive damages, and an injunction requiring his sex offender designation to be removed.

## DEFENDANT BARRS'S MOTION TO DISMISS

Defendant Barrs moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Barrs first asserts that the Court lacks subject matter jurisdiction over any official-capacity claims asserted by Plaintiff because such claims are barred by Eleventh Amendment immunity.  Barrs also asserts that Plaintiff's allegations fail to

---

[1] On October 21, 2010, prior to filing this lawsuit, Plaintiff was convicted in the 155th District Court of Austin, Texas, of Aggravated Assault with a Deadly Weapon and was sentenced to a prison term of ninety years.
*See* http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=02076957.

state a claim because the alleged events occurred beyond the statute of limitations[2] and, alternatively, because Plaintiff's allegations are insufficient to state a plausible claim for relief.

      I.      <u>Rule 12(b)(1)--Subject Matter Jurisdiction</u>

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion. *See Nguyen v. Dist. Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted); *see also B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. Unit A 1981) (stating that "where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal court poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect").

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3d at 494.

---

[2] Because the Court finds that Plaintiff's allegations fail to state claim, it will not address the statute of limitations issue.

The party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. *See Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000).

### A. Eleventh Amendment Immunity

Defendant Barrs asserts that sovereign immunity precludes any claims against him in his official capacity, whether for damages or declaratory and injunctive relief. It is well-established that Eleventh Amendment immunity protects a state and its agencies from suit, regardless of the type of relief sought; neither equitable relief nor monetary damages against the state are permitted. *See Lewis v. Univ. of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 908 (1984). Additionally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, thus "is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 109 S. Ct. 2304, 2312 (1989). Despite these protections, the Supreme Court has found that there are exceptions to a state's immunity from suit. In particular, the doctrine of *Ex Parte Young* holds that a plaintiff may sue a government entity by naming a governmental officer as the defendant, and by seeking prospective declaratory or injunctive relief. *Ex parte Young*, 28 S. Ct. 441 (1908); *Saltz v. Tennessee Dept. of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (explaining the doctrine of *Ex Parte Young*). This doctrine rests upon the notion that "acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state." *Saltz*, 976 F.2d at 968. However, in order to state a claim under *Ex Parte Young*, a plaintiff must show that (1) he has brought a suit against

an individual person in his official capacity as state agent, and (2) the relief sought is injunctive or declaratory in nature and prospective in effect. *Id.*

Although Plaintiff does not explicitly state whether Barrs is sued in his official or individual capacity, it is apparent that any claims against Defendant Barrs in his official capacity are prohibited under the Eleventh Amendment. Defendant Barrs is certainly entitled to Eleventh Amendment immunity from any claims for damages against him in his official capacity because he acted exclusively in his official capacity as an agent of the Adult Probation Department of TDCJ, which is a state agency entitled to sovereign immunity. *See Clark v. Tarrant County*, 798 F.2d, 736, 741 (5th Cir. 1986). Plaintiff has not shown that he satisfies the requirements of *Ex Parte Young* because he does not seek any prospective declaratory or injunctive relief from Defendant Barrs in his official capacity. Moreover, any such claim against Defendant Barrs at this stage would be moot because, based on his return to prison, Plaintiff is no longer in Adult Probation Department custody and is not required to attend counseling provided by Defendant Barrs. Thus, any official capacity claims against Defendant Barrs must be dismissed pursuant to Rule 12(b)(1) for want of subject matter jurisdiction.

II. Rule 12(b)(6)--Failure to State a Claim

Defendant Barrs moves to dismiss Plaintiff's individual-capacity damages claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.*

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1964-65 (citations and internal footnote omitted). In considering a motion to dismiss under Rule 12(b)(6), the district court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *La Porte Construction Co., v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1255 (5th Cir. 1986). However, conclusory legal allegations devoid of factual support "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949.

To state a claim under § 1983, a plaintiff must demonstrate both that there was a violation of rights secured by the U.S. Constitution or the laws of the United States, and that a person acting under color of law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although Defendant Barrs concedes that he acted under color of law as an agent of the Adult Probation Department, he asserts that Plaintiff has not alleged violation of any federal constitutional or statutory right.

Plaintiff makes two primary allegations against Defendant Barrs. First, that Barrs knew Plaintiff was not required to register as a sex offender, and therefore was not required to attend sex offender counseling sessions, but Barrs required his attendance anyway. (Docket No. 8 at 3-

4.) And, second, that Barrs caused Plaintiff humiliation and mental trauma by subjecting him to objectionable discussions during sex offender counseling sessions. (Id.)

Addressing the first point, Plaintiff has not shown that he was exempt from the sex offender registration requirement under Texas law. Plaintiff asserts that because his attempted sexual assault conviction occurred on December 18, 1990, prior to passage of the Sexual Offender Registration Act ("Act"), he is "grandfather[ed]" out of the registration requirement. (Id. at 2.) However, Plaintiff has not offered any legal support for his assertion that the statute applies only to individuals convicted of sex offenses on or after September 1, 1991, when the Act was originally passed. In fact, the Texas Legislature amended the Act in 2005 to apply to any "reportable conviction or adjudication occurring on or after September 1, 1970." Tex. Code Crim. Proc. Ann. art. 62.002(a). The Texas Court of Criminal Appeals has held that the amended Act applies even to convictions that occurred after September 1, 1970, but prior to September 1, 1991, when the original act took effect. *See Reynolds v. State* 423, S.W.3d 377, 382 (Tex. Crim. App. 2014). Finally, the Act explicitly designates as reportable a conviction for attempt to commit a qualifying offense, including sexual assault. *See* Tex. Code. Crim. Proc. Ann. art. 62.001(5)(A) and (G). Thus, Plaintiff has not shown that he was wrongfully required to comply with the Act, much less that Defendant Barrs was aware that Plaintiff was exempt but require him to comply anyway.

Turning to the second point, even if Plaintiff could show that the Act did not apply to him, he has not alleged any facts showing that Defendant Barrs violated any right guaranteed by the Constitution or federal law. Plaintiff does not allege that Defendant Barrs was involved in deciding whether Plaintiff was subject to the Act's requirements, or that Barrs had authority to challenge the determination that Plaintiff was required to attend counseling. Because such

personal participation "is an essential element of a civil rights cause of action," *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983), Plaintiff's allegations are not sufficient to state a plausible claim for relief against Defendant Barrs and his motion to dismiss must be granted.

## DEFENDANT SILLS

Plaintiff alleges that his parole officer, Defendant Sills, violated Plaintiff's rights by improperly requiring him to comply with the Sexual Offender Registration Act and attend sex offender treatment. Defendant Sills has filed an answer denying Plaintiff's allegations, asserting that Plaintiff's complaint fails to state a claim on which relief can be granted, and asserting the affirmative defense of qualified immunity. (Docket No. 10.) Although Defendant Sills has not filed a separate motion to dismiss, under 28 U.S.C. § 1915 the district court may, "at any time," scrutinize the basis of a complaint brought *in forma pauperis* and, if appropriate, dismiss the case if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds *in forma pauperis* here, his claims against Defendant Sills are subject to *sua sponte* review under this provision.

As discussed above, Plaintiff's pleadings and applicable law show that Plaintiff was properly subjected to the provisions of the Sexual Offender Registration Act and required to attend sex offender treatment. Plaintiff's assertion that he was exempt from the Act's requirements is not supported by the law. Moreover, even if Plaintiff could show that the Act was unconstitutionally applied to him,[3] Defendant Sills would be entitled to qualified immunity because his retroactive application of the Act to Plaintiff was objectively reasonable based on

---

[3] The Court does not construe Plaintiff's Complaint as raising a facial attack upon the Sexual Offender Registration Act.

well-established Supreme Court precedent at the time.[4] *See Smith v. Doe,* 538 U.S. 84, 123 S. Ct. 1140, 155 L.Ed.2d 164 (2003) (rejecting *ex post facto* challenge to Alaska's sex offender registration statute). In unpublished opinions, the Fifth Circuit has repeatedly applied *Smith* in rejecting *Ex Post Facto* Clause challenges to Texas's Sexual Offender Registration Act. *See Hayes v. Tex.,* 370 Fed. App'x. 508 (5th Cir. 2010); *Hall v. Att'y Gen. of Tex.,* 266 Fed. App'x. 355 (5th Cir.2008); *Herron v. Cockrell,* 78 Fed. App'x. 429 (5th Cir. 2003); *King v. McCraw*, 559 Fed. App'x. 278 (5th Cir. 2014). In addition, as with Defendant Barrs, Plaintiff's allegations do not show that Defendant Sills was responsible for making the determination that Plaintiff was subject to the Act, or that Defendant Sills denied Plaintiff due process with regard to that determination.

Plaintiff's allegation that Defendant Sills improperly required Plaintiff to attend sex offender counseling is also insufficient to state a claim. This claim rests upon Plaintiff's assertion that the consecutive sentences on his previous burglary convictions were improperly calculated, causing him to be released on parole rather than mandatory release. However, as discussed in more detail below, Plaintiff has not shown that his burglary sentences were calculated improperly and he is barred from raising such a claim in this § 1983 action. Thus, Plaintiff has not asserted a viable due process claim against Defendant Sills.

In sum, the Court concludes that Plaintiff's allegations are insufficient to state a plausible claim for relief against Defendant Sills and he must be dismissed from this suit pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[4] The Supreme Court has held that immunity questions should be addressed at the earliest possible stage in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 537 (1991). This is because qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985*).*

PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff moves for leave to amend his complaint to assert a claim against the Texas Board of Pardons and Paroles for allegedly miscalculating his consecutive sentences. (Docket No. 14.) Plaintiff contends that this miscalculation caused him to be released on parole rather than mandatory release in 1995, which unnecessarily required him to participate in sex offender therapy and eventually led to his parole being revoked. (Id. at 3-4.) Plaintiff states that since filing his present complaint he "has determined that this other claim is the 'essence' of [his] complaint." (Id. at 1.) Defendant Sills has responded to Plaintiff's motion to amend, asserting that the proposed amendment would be futile because Plaintiff's new claim is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Under *Heck*, a district court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, if success in the civil rights action would necessarily imply the invalidity of the plaintiff's conviction or sentence; unless the plaintiff demonstrates that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. This rule is commonly known as the "*Heck* bar." It is well-established that challenges regarding denial of time credit or calculation of release dates are also subject to *Heck*'s favorable-termination requirement. *See Kennedy v. State of Texas Pardons and Paroles,* 136 F. App'x 712 (5th Cir. 2005); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009); *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1997).

The Court find that success on Plaintiff's proposed amended claim would necessarily imply the invalidity of the sentences he seeks to challenge; therefore, under the *Heck* bar,

Plaintiff's new claim is not cognizable in a § 1983 action absent a showing that the challenged sentences have previously been invalidated through proper channels. Because Plaintiff's proposed amended complaint does not make such an allegation, his new claim is barred under *Heck* and his motion to amend must be denied.

## CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 14) is DENIED;

2. Defendant Barrs's Motion to Dismiss (Docket No. 17) is GRANTED;

3. Plaintiff's claims against Defendant Sills are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted; and,

4. this case is DISMISSED, with prejudice.

The Clerk will provide a copy of this order to the parties and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-strikes List Manager.

SIGNED at Houston, Texas, this 14th day of March, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE